IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, as Trustee f/b/o EMERALD INVESTMENTS LP, and EMERALD INVESTMENTS LP, an Illinois Partnership<br><br>Plaintiffs,<br><br>vs.<br><br>AXA CLIENT SOLUTIONS, LLC; THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES; and AXA FINANCIAL, INC.<br><br>Defendants. | No. 00 C 6786<br><br>Judge Kocoras<br><br>Magistrate Judge Ashman |

### EMERALD'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND STRIKE PRIVILEGE LOG

Pursuant to Fed. R. Civ. P. 26 and 37, plaintiffs American National Bank and Trust Company of Chicago, as Trustee f/b/o Emerald Investments, LP, and Emerald Investments, LP ("Emerald") move to compel production of documents and strike defendant The Equitable Life Assurance Society of the United States' ("Equitable") new privilege log. A copy of the new log is attached as Exhibit A. Amazingly, in a Rule 37.2 phone call that took place at 3:30 on January 4, 2002, Equitable's counsel admitted that the new log, provided after the previous log was stricken, does not meet the standards as stated by this Court at the December 11, 2001 hearing. The new log, like the original, contains numerous documents that appear not to be privileged, does not provide adequate descriptions of the documents, and continues to fall short of the legal standards. A copy of the transcript is attached as Exhibit B. Counsel for Equitable stated that he would provide another privilege log by January 9, 2002.

Equitable should be ordered to either produce all documents or submit a privilege log that complies with the applicable rules and standards no later than January 9, 2001, the date this motion is to be heard. This request is reasonable in light of Equitable's position that the current log is insufficient. The request is also reasonable because of the current January 24, 2002 discovery cut-off date imposed by Judge Kocoras. Emerald also wants to avoid a repeat of what occurred in connection with its last motion – extended negotiations, Emerald being forced to file a motion, and then Equitable conceding the points raised and redoing its log and producing numerous critical documents that were not privileged and should never have been listed on the log. In further support of this motion, Emerald states as follows:

1.  On December 6, 2001 Emerald filed its initial motion to strike Equitable's privilege log which contained over 725 entries. This Court granted Emerald's motion and required Equitable to submit an amended privilege log by December 24, 2001 and to produce any removed documents by that same date. The amended log was to conform with the standards set forth in <u>Allendale Mut. Ins. Co. v. Bull Data Systems, Inc.</u>, 145 F.R.D. 84 (N.D. Ill. 1992) and <u>Smithkline Beecham Corp. v. Apotex Corp.</u>, 193 F.R.D. 530 (N.D. Ill. 2000). The Court warned Equitable that "if your privilege log does not comply with the instructions in these cases, you're going to lose the privilege, okay?" (Ex. B, p.3, line 23-25.)

2.  On December 27, 2001 Equitable provided its amended privilege log to Emerald.[1] Equitable's amended privilege log, like the initial log, does not meet the standards enunciated by this Court and set forth in <u>Allendale</u> and <u>Smithkline</u>. Simply put, it is impossible

---

[1] At the same time, Equitable provided over seventy documents that it now concedes were incorrectly claimed as privileged and withheld from production. The delay in providing these additional documents has already prejudiced Emerald. By way of example, Equitable produced a document authored by Edward Hayes in which he stated "I have been told [Emerald] has an agreement to do 26 trades in a calendar year. If this is in fact the agreement there is no violation in 1999." A copy of this document is attached as Exhibit C. This information would have assisted Emerald during the deposition of Mr. Hayes and will likely necessitate Emerald to redepose Mr. Hayes and possibly other witnesses.

to determine from the privilege log whether the attorney-client or work product privilege applies. The amended log is riddled with the same generic descriptions of documents that provide no assistance to Emerald or this Court. See e.g. Exhibit A, page 20 description of documents as "Memo re Emerald Trust transfer history"; page 33 description of documents as "E-mail seeking and/or providing advice re market timing with attached draft (multiple copies)"; page 34 description of document as "Fax seeking advice re Emerald Trust"; page 43 description of document as "E-mail seeking and/or providing advice re market timers"; page 50 description of document as "E-mail(s) seeking and/or providing advice re funds"; page 70 description of document as "E-mail(s) seeking and/or providing advice re market timing". These types of descriptions do not answer the fundamental question of whether "the document in question reveal, directly or indirectly, the substance of a confidential attorney-client communication." Smithkline at 534 (citing Ohio-Sealy Mattress Mfg. Co. v. Kaplan, 90 F.R.D. 21, 28 (N.D. Ill. 1980)).

    3.  In addition, there are numerous documents where an attorney is simply listed as one of many recipients. See e.g. page 28, fax dated 9/19/00 from B. O'Neil to 9 non-attorneys; page 84, e-mail dated 8/3/00 from A. Calcaterra to 7 non-attorneys; page 90, e-mail dated 6/1/00 from B. O'Neil to 6 non-attorneys. Both Equitable and this Court know that sending an e-mail or letter to an attorney does not cloak it with a privilege. Smithkline at 534. Equitable even claims that an undated e-mail, drafted by an unknown person, to attorneys and non-attorneys, with a subject description of "seeking and/or providing advice re Emerald Trust" is protected by the attorney-client. See Exhibit A at page 98. This entry raises special concerns because e-mails typically generate the name of the author automatically. Moreover, the generic description of "seeking and/or providing advice" does not even indicate that the "advice" was

-3-

legal. Compare page 47 of log where the third entry specifically states that the e-mail contains legal advice.

4. Emerald has informed Equitable of the amended log's shortcomings and requested that Equitable provide a proper log during a telephone call on January 4, 2002. Equitable recognized that even the amended log does not comport with the standards set forth by this Court during the December 11, 2001 hearing. Equitable also conceded that there are likely even more documents which will be produced after a further review of its amended log. The time for production was December 24, 2001. It is now January 4, 2002 and Equitable has still failed to provide a legally sufficient privilege log. Exhibit D, Affidavit of Peter S. Roeser for the required Local Rule 37.2 statement.

5. As stated above, Equitable should be required to bring its privilege log into compliance by January 9 and produce any additional nonprivileged documents by that time. If it wants to stand on its entries, Emerald will be prepared to argue individual deficiencies with the Court at the January 9, 2002 hearing.

## CONCLUSION

For all the foregoing reasons, Emerald's motion should be granted.

Dated: January 4, 2002                    Respectfully submitted,

                                          AMERICAN NATIONAL BANK AND TRUST
                                          COMPANY OF CHICAGO, as Trustee f/b/o
                                          EMERALD INVESTMENTS, LP, and EMERALD
                                          INVESTMENTS, LP.

                              By:         _____
                                          One of their attorneys

Charles S. Bergen
George R. Dougherty
Peter S. Roeser
Grippo & Elden
227 W. Monroe Street
Suite 3600
Chicago, IL 60606
Phone: 312-704-7700
Fax:    312-558-1195

## CERTIFICATE OF SERVICE

I, Peter S. Roeser, an attorney, certify that on January 4, 2002, I caused a true and complete copy of the foregoing **EMERALD'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND STRIKE PRIVILEGE LOG** to be served on counsel for defendant by Messenger delivery to the following address:

>Steven S. Scholes, Esq.
>Paul E. Chronis, Esq.
>Jeffrey C. Clark, Esq.
>McDermott, Will & Emery
>227 West Monroe Street
>Chicago, Illinois 60606

*/s/ Peter S. Roeser*
Peter S. Roeser

SEE CASE FILE FOR EXHIBITS