Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6786 | **DATE** | 5/16/2002 |
| **CASE TITLE** | American Natl Bank vs. AXA Client Solutions (00 C 6786) AXA Client Solutions vs. American Natl Bank (01 C 9974) | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Equitable's motion (Doc 134-1 in 00 C 6786 and Doc 0-1 in 01 C 9974) to dismiss Emerald's counterclaim and its motion (Doc 133-1 in 00 C 6786 and Doc 0-1 in 01 C 9974) to strike certain of Emerald's affirmative defenses are both granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 1 6 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 149 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | SCT courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAY 16 2002

| | |
|---|---|
| AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, as Trustee f/b/o EMERALD INVESTMENTS LP, and EMERALD EMERALD INVESTMENTS LP, an Illinois partnership, <br><br> Plaintiffs, <br><br> vs. <br><br> AXA CLIENT SOLUTIONS, LLC; THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES; and AXA FINANCIAL, INC., <br><br> Defendants. | 00 C 6786 |
| AXA CLIENT SOLUTIONS, LLC; THE EQUITABLE LIFE ASSURANCE SOCIETY OF UNITED STATES; and AXA FINANCIAL, INC., <br><br> Plaintiffs <br><br> vs. <br><br> AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, as Trustee f/b/o EMERALD INVESTMENTS LP, and EMERALD INVESTMENTS LP, an Illinois partnership, <br><br> Defendants. | 01 C 9974 |

**MEMORANDUM OPINION**

140

Before the court are Plaintiff The Equitable Life Assurance Society of the United States's ("Equitable") motion to dismiss Defendant Emerald Investments L.P.'s ("Emerald") counterclaim and motion to strike certain of Emerald's affirmative defenses. For the reasons set forth below, Equitable's motion to dismiss is granted in part and denied in part. Equitable's motion to strike Emerald's affirmative defenses is also granted in part and denied in part.

## BACKGROUND

The parties are familiar with the procedural history of this case ("Civ. No. 01 C 9974") and the court does not repeat it in detail here. Based on certain information Equitable obtained through the discovery in a case Emerald initiated against Equitable ("Civ. No. 00 6786"), Equitable filed Civ. No. 01 C 9974 in December 2001. Equitable's complaint sounds in fraud and equitable rescission. Emerald filed its amended answer to Equitable's complaint on March 7, 2002. Emerald's amended answer includes a six-count counterclaim and thirteen affirmative defenses.

Emerald's counterclaim in Civ. No. 01 C 9974, like Equitable's complaint, is based in part on information Emerald obtained through discovery in Civ. No. 00 C 6786. Basically, Emerald learned that Equitable, during the time it was entering into its business relationship with Emerald, had a company policy against disruptive transfer activity, or, "market timing." Emerald alleges that this policy was inconsistent with the

oral and written representations Equitable made to Emerald concerning its annuities. As a result, Emerald has brought a six-Count counterclaim alleging common law fraud, securities fraud, and violations of both the Illinois and New York consumer fraud statutes.

## DISCUSSION

Equitable now challenges both the sufficiency of Emerald's counterclaim in its entirety and seven of Emerald's affirmative defenses. The court will first address Equitable's motion to dismiss Emerald's counterclaim and then its motion to strike seven of Emerald's affirmative defenses.

*I.     Motion to Dismiss Emerald's Counterclaim.*

Equitable moves to dismiss all six Counts in Emerald's counterclaim. The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. Triad Assoc., Inc. v. Chicago Housing Auth., 892 F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, the court must first construe the complaint's allegations in the light most favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Hartford Fire Ins. Co. v. California, 509 U.S. 764 (1993); Sherwin Manor Nursing Ctr., Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court is limited to the allegations contained in the pleadings themselves. Documents incorporated by reference into the pleadings and documents attached to the pleadings as exhibits are considered part of the pleadings for all purposes. Fed.R. Civ.P. 10(c). In addition, "documents that a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Venture Assoc. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993). With these principles in mind, the court turns to the instant motion.

Emerald's first Count consists of a common law fraud claim. The court notes that although Emerald does not state in its counterclaim whether Emerald has brought its common law fraud claim under Illinois or New York law, Emerald's response to Equitable's motion to dismiss makes clear that Emerald brings its fraud claim under

Illinois law. We thus consider whether Emerald has sufficiently alleged a claim of common law fraud under Illinois law.

Equitable's attack on Emerald's fraud claim is based on its characterization of Emerald's claim as one of promissory fraud, which is generally not permitted under Illinois law unless the plaintiff alleges that the "false promise or representation of intention of future conduct is the scheme or device to accomplish the fraud." Bower v. Jones, 978 F.2d 1004, 1011 (7th Cir. 1992). We agree that Emerald's allegations fail to state a claim for promissory fraud. See Clark v. Robert W. Baird Co., 142 F. Supp. 2d 1065, 1073-74 (N.D. Ill. 2001); HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc., 545 N.E.2d 672, 682 (Ill. 1989); Bower, 978 F.2d 1004, 1011 (7th Cir. 1992); Zorba v. Advanced Telcoms Network, 1997 U.S. Dist. LEXIS 6012, at *12 (N.D. Ill. April 30, 1997); Zic v. Italian Gov't Travel Office, 130 F. Supp. 2d. 991, 995 (N.D. Ill. 2001).

In its response, however, Emerald explains that it is not bringing a promissory fraud claim but is bringing a claim of fraudulent concealment. To adequately allege a claim of fraudulent concealment, or fraud by omission, under Illinois law, Emerald must allege: (1) concealment of a material fact; (2) with the intent to deceive; (3) that he was unaware of the concealed fact and would have acted differently had he known it. Frain v. Andy Frain Inc., 660 F. Supp. 97, 99 (N.D. Ill. 1987); State Sec. Ins. Co. v. Frank B.

Hall & Co., 196 Ill. Dec. 775, 778, 630 N.E.2d 940, 943 (1994). We find that Emerald has sufficiently alleged these elements. Therefore, Emerald may proceed with its claim of fraudulent concealment.

Because we have not dismissed Emerald's claim of fraudulent concealment, we next address Equitable's request that we strike Emerald's claim for punitive damages and for attorneys' fees in Count I. Emerald presents no substantive opposition to Equitable's requests. Emerald's only opposition is in a footnote in its brief where Emerald notes that Equitable has sought similar relief. This notation does not defeat the authorities Equitable has presented in support of its requests. Jannotta v. Subway Sandwich Shops, Inc., 125 F.3d 503, 511 (7th Cir. 2001); Martin v. Heinold Commodities, 643 N.E.2d 734, 757 (Ill. 1994); Ardt v. Illinois, 687 N.E.2d 126, 129 (Ill. App. Ct. 1997); Chow v. Aegis Mortg. Corp., 2002 U.S. Dist. LEXIS 2115, at *7 (N.D. Ill. Feb. 7, 2002). Accordingly, Emerald's claims for punitive damages and attorneys' fees in Count I are stricken.

Equitable also moves to dismiss Emerald's claims under the federal securities laws. In Count II, Emerald claims that Equitable has violated section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b-5, 17 C.F.R. § 240.10b-5 promulgated thereunder ("Rule 19b-5"). In Count III, Emerald claims that quitable also violated section 12(a)(2) of the Securities Act of 1933, 15 U.S.C.

§ 77(1)(a)(2) ("section 12(a)(2)"). Equitable argues that this court should dismiss both of these counts because Emerald fails to allege recoverable damages. Equitable argues that Emerald seeks to recover only future lost profits and that such lost profits are not recoverable under the federal securities laws. Equitable cites to only one case for this argument. Equitable does not cite any cases dealing with securities similar in nature to the ones at issue in this case, such as annuities or mutual funds.

Based on our review of Equitable's argument and cited authority, we find that Equitable has not met its burden of persuading this court beyond any doubt that Emerald will be unable to recover any of the damages it seeks. See e.g., S.E.C. v. Barzilay, No. 99 C 5023, 2001 WL 127667, at *2 (N.D. Ill. Feb. 14, 2001) (stating it is not the court's obligation to research the parties' arguments). Emerald, on the other hand, has presented the court with some authority indicating it is not precluded from recovering any damages. Emerald also points out, and this court agrees, that its counterclaim cannot be interpreted as narrowly as Equitable suggests – i.e. as seeking recovery only of lost profits. Interpreting Emerald's counterclaim in a light most favorable to Emerald, as we must for the purposes of this motion, we decline to dismiss Emerald's Count II and III this basis.

Equitable launches another attack on Count III, Emerald's claim under section 12(a)(2). Equitable argues that Emerald's section 12(a)(2) claim must be dismissed

because section 12(a)(2) only applies to public offerings and Emerald's claim is based on a private transaction between Emerald and Equitable. To adequately allege a claim under section 12(a)(2), Emerald must allege that Equitable made untrue statements of material fact or omitted material facts in a prospectus. Newell Rubbermaid Inc. Securities Litig. v. Newell Rubbermaid Inc., No. 99 C 6853, 2000 WL 1705279, at 7 (N.D. Ill. Nov. 14, 2000). We find that Emerald's allegations satisfy this standard; Emerald has sufficiently pled a material omission from Equitable's prospectus and material misrepresentations related to that prospectus. In the case Equitable relies on for its argument, the court had to determine whether a loan transaction containing the alleged misrepresentation constituted a "prospectus" under section 12(a)(2) such that the plaintiff could bring a claim under that provision. Lewis v. Fresne, 252 F.3d 352 (5th Cir. 2001); see Gustafson v. Alloyd Co., 513 U.S. 561 (1995) (deciding contract of sale in that case did not constitute prospectus under section 12(a)(2))). Here, Emerald has alleged that an omission in Equitable's *prospectus* is a basis of its section 12(a)(2) claim. Equitable is not arguing that the prospectus concerning the annuities in this case is not a prospectus within the meaning of section 12(a)(2). Therefore, we find that Emerald's claim under section 12(a)(2) makes it past the instant motion. Whether or not the nature of the parties' transaction makes it a private transaction and

not a a public offering within the meaning of section 12(a)(2) despite the prospectus is a question for a later time.

Next, Equitable moves to dismiss Count IV of Emerald's counterclaim. Count IV alleges violations of the Illinois Securities Law, 815 ILCS 5/12 and 5/13. In its response, Emerald states that it withdraws this claim and chooses to stand on its federal securities claims and remaining state law claims. (Emerald's Response Brief at 9 n. 11). Accordingly, Count IV is dismissed.

We now turn to Count V of Emerald's counterclaim. Count V is based on an alleged violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et. seq (ICFA). Equitable advanced three arguments in support of its motion to dismiss Count V.

First, Equitable argues that Emerald's ICFA claim should be dismissed because Emerald cannot meet the "consumer nexus" test. To sufficiently allege a consumer nexus, a business plaintiff such as Emerald must allege that (1) the complained about conduct involves trade practices directed to the market generally or otherwise implicates consumer protection concerns or (2) that it was acting as a consumer of the defendant and the fraudulent conduct amounted to more than a mere breach of contract. Athey Prods. Corp. v. Harris Bank Roselle, 89 F.3d 430, 437 (7th Cir. 1996); Commonwealth Ins. Co. v. Stone Container Corp., No. 99 C 8471, 2001 WL 477151, at *4 (N.D. Ill.

May 3, 2001); Zimmerman v. Waste Ltd., II, No. 96 C 5048, 1997 WL 159188, at *4 (N.D. Ill. Mar. 28, 2001). In interpreting these elements and Emerald's allegations, the court must keep in mind that the ICFA is to be construed liberally. See e.g., Brody v. Finch Univ. of Hlth. Sciences, 698 N.E.2d 257, 269 (Ill. App. Ct. 1998). Here, Emerald has alleged that Equitable's conduct implicates consumer protection concerns. Additionally, it has alleged that Equitable fails to disclose its policy against "disruptive trading" or "market timing" in its prospectus, which is provided to potential buyers of Equitable's annuities. Emerald's allegations satisfy the liberal notice pleading standards we must apply. Whether or not Emerald will be able to *prove* a consumer nexus is a question for a later stage in this litigation.

Second, Equitable argues that Emerald's ICFA claim must be dismissed because Emerald has not sufficiently alleged loss causation. As its argument relating to Emerald's allegation of a consumer nexus, Equitable's argument with regard to loss causation seems more appropriate for a motion for summary judgment than a motion to dismiss. Emerald has alleged that it has been directly, proximately and actually damaged by Equitable's alleged deceptive acts. We find these allegations sufficient to withstand a motion to dismiss. Oliveira v. Amoco Oil Co., 726 N.E.2d 51, 57 (Ill. App. Ct. 2000); Connick v. Suzuki Motor Co., Ltd., 675 N.E.2d 584, 595 (Ill. 1996); Bell

Enters. Venture v. Santanna Natural Gas Corp., No. 01 C 2212, 2001 WL 1609417, at *5 (N.D. Ill. Dec. 12, 2001).

Third, Equitable argues that Count V must be dismissed because Emerald has not alleged any recoverable damages. We decline to dismiss Emerald's complaint on this ground as well. Emerald has sufficiently alleged the elements of an ICFA cause of action. See Zekman v. Direct American Marketers, Inc., 695 N.E.2d 853, 860 (Ill. 1998) (stating plaintiff suing under ICFA must allege: (1) that the defendant engaegd in a deceptive act or practice; (2) with the intent that the plaintiff rely on the deception; (3) while engaged in trade or commerce). Emerald has further alleged that it was directly, proximately, and actually damaged by Equitable's alleged deception and has alleged that Equitable is withholding certain monies belonging to Emerald. Emerald's allegations are sufficient for the purposes of this motion. Recreation Servs. v. Odyssey Fun World, Inc., 952 F. Supp. 594, 597 (N.D. Ill. 1997); Cellular Dynamics, Inc. v. MCI Telecomms, Corp., No. 94 C. 3126, 1997 WL 285830, at *3 (N.D. Ill. May 23, 1997); Singleton v. Montgomery Ward Credit Corp., No. 99 C 8310, 2000 WL 1810012, at *3 (N.D. Ill. Dec. 11, 2000). Therefore, we deny Equitable's motion to dismiss Emerald's ICFA claim.

Finally, Equitable moves to dismiss Count VI of Emerald's counterclaim. Count VI alleges that Equitable violated New York State General Business Law § 349, NY

CLS Gen. Bus. § 349 ("section 349"). Equitable argues that section 349 does not apply to securities and provides persuasive authority in support of its argument. Spirit Parnters, L.P. v. audiohighway.com, 99 Civ. 9020, 2000 U.S. Dist. LEXIS 7236, at *21-24 (S.D.N.Y. May 25, 2000) (collecting cases). We therefore dismiss Count VI of Emerald's counterclaim.

II.   *Motion to Strike Emerald's Affirmative Defenses.*

The court now turns to Equitable's motion to strike seven of Emerald's affirmative defenses. Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike affirmative defenses are disfavored, however, and will not be granted "unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense and are inferable from the pleadings." Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir.1991) (citations and quotation marks omitted). Thus, "an affirmative defense will not be struck if it is sufficient as a matter of law or if it presents questions of law or fact." Heller Financial v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir.1989).

Courts in the Northern District of Illinois will strike an affirmative defense as legally insufficient if "it is impossible for defendants to prove a set of facts in support

of the affirmative defense that would defeat the Complaint." See, e.g., Franklin Capital Corp. v. Baker & Taylor Entertainment, Inc., 2000 WL 1222043, at *2 (N.D.Ill. Aug. 22, 2000); All EMS, Inc. v. Southland Corp., 1997 WL 392330, at *2-3 (N.D. Ill. Jul 08, 1997); Videojet Sys. Int'l, Inc. v. Inkjet, Inc., 1997 WL 124259, at *4 (N.D.Ill. Mar. 17, 1997); Cohn v. Taco Bell Corp., 1995 WL 247996, at *1 (N.D. Ill. Apr 24, 1995). Affirmative defenses challenged on this basis are tested under a standard identical to that applied in motions to dismiss under Rule 12(b)(6). Bobbitt, 532 F.Supp. at 737. "Striking an affirmative defense does not necessarily bar its substantive argument from the case because affirmative defenses – like complaints – are protected by the direction of Rule 15(a) that courts are to grant leave to amend pleadings "freely...when justice so requires." Renalds v. S.R.G. Restaurant Group, Chicago, L.L.C., 119 F. Supp. 2d 800, 803 (N.D. Ill. 2000) (quoting Federal Rule of Civil Procedure 15(a)). With these principles in mind, we turn to the merits of Equitable's motion.

Applying the principles set forth above, and giving Emerald the benefit of the doubt as we must for the purposes of this motion, we deny Equitable's motion with regard to most of Emerald's affirmative defenses. With regard to Emerald's eleventh, twelfth, and thirteenth affirmative defenses, whether we deny or grant the motion makes no practical difference in this litigation because Emerald will be submitting proof on these claims. We note, however, that Emerald's eleventh, twelfth, and thirteenth

affirmative defenses will be stricken to the extent they go beyond this court's ruling with regard to Equitable's motion to dismiss. That is, Emerald cannot assert section 349 of the New York consumer protection law as an affirmative defense because that claim fails as a matter of law in this case and Emerald's affirmative defense of common law fraud is limited to a claim of fraudulent concealment under Illinois law.

For similar reasons, we deny Equitable's motion with regard to Emerald's fifth, sixth and seventh affirmative defenses. We agree with Equitable that, for the most part, Emerald's fifth, sixth, and seventh affirmative defenses do not do much more than controvert Equitable's prima facie claim of fraud. However, such reasons advanced in support of this motion are pedantic. See e.g., R.J. Reynolds Tobacco Co. v. Premium Tobacco Stores, Inc., 2001 WL 747422, at *1 (N.D. Ill. June 29, 2001). Equitable will have to face Emerald's denials whether or not we grant the instant motion. Additionally, Emerald's sixth and seventh affirmative defenses have put Equitable on notice of the manner in which Emerald will challenge its fraud claim. Furthermore, striking these defenses will not expedite the resolution of this particular litigation. Accordingly, we deny Equitable's motion as to these affirmative defenses. See e.g., Franklin Capital Corp. v. Baker & Taylor Entertainment, Inc., 2000 WL 1222043, at *1 (N.D. Ill. Aug. 22, 2000).

Finally, we turn to Equitable's motion to strike Emerald's tenth affirmative defense. Equitable's challenge to this affirmative defense cannot be characterized as pedantic. As both parties point out, the duty of good faith and fair dealing is a term implied in all contracts. See e.g., Chrysler Credit Corp. v. Marino, 63 F.3d 574, 579 (7th Cir. 1995). As such, a claim of a breach of the duty of good faith and fair dealing must be based on a contract and a party's failure to fulfill its obligations thereunder. See Continental Bank v. Meyer, 1990 WL 147052, at *3 (N.D. Ill. Sept. 27, 1990). Emerald's allegations supporting this defense, however, center on misrepresentations made *prior to* Emerald's purchase of Equitable's annuities contracts. As such, we find that Emerald's tenth affirmative defense fails as a matter of law and must be stricken. See id.

## CONCLUSION

For the foregoing reasons, Equitable's motion to dismiss Emerald's counterclaim and its motion to strike certain of Emerald's affirmative defenses are both granted in part and denied in part.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: May 16, 2002