# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6786 | **DATE** | 7/7/2004 |
| **CASE TITLE** | American Natl Bnk & Trust Co vs. AXA Client Solutions et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** This court finds that it is without subject matter jurisdiction in case number 00 C 6786. Consequently, the complaint and suit are dismissed without prejudice. Plaintiffs' motion to reassigned related case 04 C 4285 under Local Rule 40.4 is granted. All other pending motions are denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 0 8 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 471 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| ✓ | Copy to Magistrate Judge Ashman. | | | |
| SCT | courtroom deputy's initials | 2004 JUL -7 PM 3:35 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

JUL 0 8 2004

| | |
|---|---|
| AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, as Trustee f/b/o Emerald Investments LP, and EMERALD INVESTMENTS LP, an Illinois Partnership,<br><br>Plaintiffs,<br><br>vs.<br><br>AXA CLIENT SOLUTIONS, LLC; THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES; and AXA FINANCIAL, INC.,<br><br>Defendants. | 00 C 6786 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

The multiple opinions that have been issued in this case and its companion, Equitable Life Assurance v. American National Bank, case number 01 C 9974, have detailed much of the factual allegations the parties have advanced. We do not recite them again here, as they are of little significance to the matters that we address in this opinion. Rather, our decision today is guided by facts that pertain to the presence or absence of subject matter jurisdiction.

471

The complaint in this case alleged that the parties were diverse, thereby establishing jurisdiction pursuant to 28 U.S.C. § 1332. The case proceeded for nearly four years, until it was discovered that within the multiple layers of partners and trusts that make up plaintiff Emerald Investments, an Illinois limited partnership, was an individual who was a citizen of New York. The presence of this person destroyed complete diversity among the parties, as Defendant Equitable Life Assurance Society of North America ("Equitable") is also a New York citizen.

In connection with an unsuccessful attempt to amend the current complaint to include counterclaims asserted in the companion case, the parties alerted the court to the jurisdictional predicament. Emerald suggested that it could eliminate the issue by withdrawing from this action via an agreement to be bound by any result achieved by its co-plaintiff, American National Bank ("ANB"), in its absence. Emerald also proposed (in an apparent but unacknowledged contradiction) that it then be substituted back into the lawsuit in the place of ANB because of a purported transfer of ANB's interest to it in the interim.[1] We asked the parties to submit further briefing on the issue of substitution, as well as a formalized stipulation of dismissal from Emerald.

---

[1] Curiously, Emerald has produced no documentation of the transfer that predates the current round of motions.

Emerald duly complied with our request, and in response Equitable launched a vehement opposition, challenging everything from the appropriateness of ANB's initial inclusion in the suit to the propriety of Emerald's withdrawal to the authenticity of the transfer. In its reply, Emerald withdrew its prior informal agreement to be bound to a result obtained by ANB alone as well as responding to Equitable's arguments. Based on the contents of the parties' submission, the court is now prepared to rule.

## DISCUSSION

Equitable's chief rub with Emerald's initial proposal was its contention that Emerald was an indispensable party to this action. According to Equitable, this status removed our ability to dismiss Emerald to preserve diversity jurisdiction over the case. They argue that Emerald cannot take advantage of the mechanism approved in May Dept. Stores Co. v. Fed. Ins. Co. because none of the players in that case argued that the party bound to the agreement was indispensable. 305 F.3d 597, 599–600 (7th Cir. 2002). Equitable contends that Emerald called all of the shots within the contractual negotiations with Equitable as well as performing all of the trading activities within the purchased account. As a result of Emerald's substantial involvement, Equitable insists that Emerald is indispensable to this litigation, and we are inclined to agree. Emerald's role in this dispute and its interests in the claims asserted make certain that it would have to be joined to this action if we were starting with a clean slate. See Extra

Equipamentos e Exportação Ltda. v. Case Corp., 361 F.3d 359, 361 (7th Cir. 2004). The same considerations lead us to the conclusion that the action should not proceed in its absence. See id. It does not appear that the parties would be left without recourse in the face of a dismissal at this point, cementing the conclusion that dismissal is appropriate. See id.

Emerald's proposed stipulation had the potential to alter this conclusion. Although Equitable is correct that May did not involve a party deemed otherwise indispensable, we do not agree that that factual difference is sufficient to render May unequivocally inapposite. At least in theory, an appropriate stipulation could have allowed the court to proceed in Emerald's absence without the risk of great harm to it or the remaining parties to the suit. Moreover, it would eliminate any possibility of duplicative litigation and could allow this court to render complete relief to the remaining parties, all concerns that the May court advanced. While the parties have ably argued the merits and demerits of this approach, Emerald's withdrawal of its previous willingness to bow out of the case renders any further consideration academic. There is no longer a need for this court to decide whether this mechanism could ultimately repair the jurisdictional defect and allow the case to proceed as it was originally filed, minus Emerald.

In light of Emerald's new reticence to remove itself from the case, we are left with the impermissible state of affairs that brought these issues about in the first instance—a case brought pursuant to our diversity jurisdiction in which the parties were not completely diverse at the time the case was filed. Grupo Dataflux v. Atlas Global Group, LP, 541 U.S. __, __, 124 S. Ct. 1920, 1924 (2004); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). In this situation, we have jurisdiction to do only one thing: dismiss the instant case for lack of subject matter jurisdiction. See, e.g., Belleville Catering Co. v. Champaign Market Place, LLC, 350 F.3d 691, 692-93 (7th Cir. 2003); Hart v. Terminex International, 336 F.3d 541 (7th Cir. 2003).

It is a decided understatement to say that a substantial amount of time and energy has been expended on this case by all concerned, including this court and Magistrate Judge Ashman. However, as the Supreme Court elaborated in Grupo, this fact counsels against, not for, any continued effort that could very likely also be for naught. Grupo, 541 U.S. at __, 124 S. Ct. at 1930. There does not appear to be any impediment to the parties using most of what they have already done in this case in a future filing. Id. Indeed, shortly after filing its reply on this matter, Emerald filed a new action that embraces all of the remaining components of this one, but with the newly fully diverse Emerald as a plaintiff (case number 04 C 4285). Thus, there does

not appear that irrevocable damage will be done to either party by dismissal of this action.

One further point deserves attention. Wrapped into Emerald's new action, in which only Emerald is a plaintiff, is an apparent expectation that we will maintain this action, with only ANB as plaintiff. As a result of this assumption, they propose that the new action be consolidated with this case and the companion case upon its return from the 7th Circuit. As this case must be dismissed in its entirety, clearly it cannot be consolidated with another case. Neither will we engage in speculation regarding future actions of the Court of Appeals and their ramifications in this court. The sole issue that is required for our consideration and decision today is the dismissal of the instant complaint and case, and our actions are correspondingly limited.

As a side note, we sincerely hope that the parties will follow the hard-learned lessons of this case. In prosecuting the new action, maximization of communication and cooperation will hasten what should be the ultimate goal: efficient and expeditious treatment of the merits of the dispute without the distractions and tangential pursuits that plagued this action since its inception.

## CONCLUSION

Based on the foregoing, this court finds that it is without subject matter jurisdiction in case number 00 C 6786. Consequently, the complaint and suit are dismissed, without prejudice.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated:  JUL - 7 2004